IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA      :      CRIMINAL ACTION
     :
         v.      :
     :
NYFESSE SAUNDERS      :      NO. 10-442

MEMORANDUM

Bartle, J.                         September 17, 2020

Before the court is the pro se motion of Nyfesse Saunders to vacate his sentence under 28 U.S.C. § 2255. Saunders raises two issues in the motion. He claims his counsel was ineffective for failing to ask the court to impose his federal sentence to run concurrently with an unrelated state sentence. Saunders also argues that his sentence under 18 U.S.C. § 922(g)(1) should be vacated in light of the Supreme Court's subsequent decision in Rehaif v. United States, 139 S. Ct. 2191 (2019).

I

On April 29, 2010, two Philadelphia Police Officers, while patrolling South 21st Street in Philadelphia in a marked police vehicle, observed Saunders crouching behind a parked car. Saunders fled on foot when the officers slowed to investigate. The officers pursued and caught Saunders who, upon inquiry, told them he had a gun. The officers arrested Saunders after finding a loaded .38 caliber revolver in his waistband.

At the time of this arrest, Saunders had twice pleaded guilty in the state court to felony drug distribution in violation of 35 P.S. § 780-113(a)(30) – once on October 26, 2004 and a second time on January 24, 2005.  Saunders was sentenced to three years of probation on the first conviction and 2$^{1/2}$ to 5 years of imprisonment on the second conviction.  He served over two years in prison for the second conviction until his parole on April 11, 2007.

On April 29, 2010, the Philadelphia District Attorney charged Saunders with possession of a firearm as a person convicted of a drug offense in violation of 18 Pa.C.S. § 6105. Saunders was released on bail on April 30, 2010.  While released on bail, in concert with others, Saunders shot a man multiple times in the stomach and legs.  The Philadelphia Police Department arrested him again on May 27, 2010, this time, on charges of attempted murder and conspiracy to engage in murder.[1]

A federal grand jury subsequently indicted Saunders in this action for a violation of 18 U.S.C. § 922(g)(1) which provides:

(g) It shall be unlawful for any person—

---

1.      Saunders also pleaded guilty to these charges.  He was sentenced to 7$^{1/2}$ to 20 years in prison on the attempted murder conviction and 5 years of probation for conspiracy to murder.

> (1) who has been convicted in any court of,
> a crime punishable by imprisonment for a
> term exceeding one year; . . .
>
> to ship or transport in interstate or
> foreign commerce, or possess in or
> affecting commerce, any firearm or
> ammunition; or to receive any firearm or
> ammunition which has been shipped or
> transported in interstate or foreign
> commerce.

The indictment charged that on or about April 29, 2010 Saunders, having been convicted of a crime punishable by a term of imprisonment exceeding one year, knowingly possessed a firearm in and affecting interstate commerce in violation of 18 U.S.C. § 922(g)(1).  The indictment did not allege that Saunders knew at the time of the offense that he had been convicted of a crime punishable by a term of imprisonment exceeding one year.

Saunders pleaded guilty to the federal charge in an open plea before the undersigned on October 10, 2010.  The Government referenced Saunders' January 24, 2005 conviction in the plea memorandum it submitted to this court prior to the plea hearing.  The Government concedes that Saunders did not admit that he knew of his status as a person convicted of a crime punishable by a term of imprisonment exceeding one year.  At the hearing, the court reviewed with Saunders what were then considered the elements of the crime under 18 U.S.C. § 922(g)(1) and accepted Saunders' guilty plea.  While Saunders admitted that he had been convicted of a crime punishable by a term of

-3-

imprisonment exceeding one year, the court did not inquire whether he knew at the time of the offense of his status as a person convicted of a crime punishable by a term of imprisonment exceeding one year.

On January 28, 2011, the court sentenced Saunders to 55 months of imprisonment with three years of supervised release without any reference to a state conviction for which he had been sentenced.  Saunders did not appeal his conviction.  He is presently serving his federal sentence at the Federal Medical Center in Lexington, Kentucky with an estimated release date of September 22, 2022.

On October 20, 2016, Saunders moved under Rule 36 of the Federal Rules of Criminal Procedure to fix what he alleged to be a clerical error in the court's January 28, 2011 judgment.[2] He argued the court failed to specify that his federal sentence was to run concurrently with his state sentence for attempted murder.  Saunders also moved to serve his time in a state correctional facility.  The court denied the motion in a memorandum order on December 16, 2016.  It explained:

> Saunders did not request concurrent
> sentences in his sentencing memorandum or at
> his sentencing hearing. The failure to

---

2.        "After giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Fed. R. Crim. P. 36.

request conditions of a defendant's sentence
is not a clerical error. In the absence of a
clerical error, the court cannot alter
Saunders' sentence under Rule 36.

Saunders filed the pending motion under 28 U.S.C.
§ 2255 on June 16, 2020.

II

Saunders alleges that his attorney told him that if he pleaded guilty to the federal charges but "lost" on the state charge for attempted murder, he could "get the time ran concurrent." Saunders claims that despite these statements, his attorney did not request that his state and federal sentences run concurrently. He asserts not having knowledge of this fact until December 16, 2016 when the court denied his Rule 36 motion.

Section 2255 claims for ineffective assistance of counsel may be brought up to one year from the date the judgment of conviction became final or the date the facts supporting the claim could have been discovered by the defendant through the exercise of due diligence. See 28 U.S.C. § 2255(f).

Saunders' conviction became final over nine years ago when this court sentenced him on January 28, 2011 and no appeal was taken. Even if we were to assume Saunders could not have discovered with due diligence until December 16, 2016 that his counsel failed to request the concurrent running of his state

-5-

and federal sentences, the time for claiming ineffective assistance of counsel on these facts expired a year later.  See 28 U.S.C. § 2255(f)(4).  This claim is therefore barred as untimely.

III

Saunders further claims that he was not made aware that he "fall[s] in[to] a category of people that would be indicted if [] in possession of a firearm."  He also asserts that neither the Government nor his counsel "addressed the element of whether [he] knew that [he] couldn't possess a firearm."  Saunders attaches to the pending motion a letter he received from the Federal Community Defender Office which informed him of his rights under Rehaif, 139 S. Ct. 2191.  It was decided on June 21, 2019 over eight years after Saunders was sentenced but within one year before he filed his pending motion.[3]

In Rehaif, the defendant was charged with a violation of 18 U.S.C. § 922(g)(5)(A).  United States v. Rehaif, Criminal Action No. 16-CR-3-ORL-28GJK, 2020 WL 1904068, at *2 (M.D. Fla. Apr. 17, 2020).  This section of the statute provides:

(g) It shall be unlawful for any person—

(5) who, being an alien—

---

3.   The Federal Community Defender was appointed by the United States District Court to inform defendants convicted for Section 922(g) offenses of their rights under Rehaif.

> (A) is illegally or unlawfully in the
> United States; . . .
>
> to ship or transport in interstate or
> foreign commerce, or possess in or
> affecting commerce, any firearm or
> ammunition; or to receive any firearm or
> ammunition which has been shipped or
> transported in interstate or foreign
> commerce.

Rehaif had entered the United States on a nonimmigrant student visa to attend university but was dismissed by the university for poor grades. Rehaif, 139 S. Ct. at 2194. Upon Rehaif's dismissal the university informed him that if he did not transfer to another school or leave the country his legal status in the United States would be terminated. Id. When Rehaif did neither, his residence in the United States became the subject of a federal investigation. Rehaif, 2020 WL 1904068, at *2. During the investigation, Rehaif volunteered to an agent of the Federal Bureau of Investigation that he had possessed firearms and ammunition. Rehaif, 2020 WL 1904068, at *2. The Government indicted him for possessing a firearm as an alien unlawfully in the United States. Rehaif, 139 S. Ct. at 2194.

The trial judge precluded Rehaif's counsel from presenting evidence at his trial that he did not know of his status prohibiting his possession of a firearm. Rehaif, 2020 WL 1904068, at *2. The jury was instructed that the Government was

"not required to prove that Rehaif knew that he was illegally or unlawfully in the United States." Id.  Thereafter, the jury returned a guilty verdict.  Id.  The Court of Appeals affirmed. United States v. Rehaif, 888 F.3d 1138 (11th Cir. 2018).

The Supreme Court reversed.  Rehaif, 139 S. Ct. at 2195-200.  It explained that the question of whether the Government must prove that a defendant acted knowingly for a criminal conviction is one of congressional intent.  Id. at 2195.  The Court found no convincing reason to depart from the longstanding presumption that Congress intends to require a defendant to possess a culpable mental state regarding each of the statutory elements that criminalize otherwise innocent conduct.  Id.  It held that "in a prosecution under 18 U.S.C. § 922(g) . . . the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." Id. at 2200.  Notably absent from the Supreme Court's decision was a discussion of the retroactive application of this new requirement.  See id.

Claims based on a right initially recognized by the Supreme Court must be brought within one year of the announcement of the right.  28 U.S.C. § 2255(f)(3).  However, for a defendant to benefit from this delayed running of the

-8-

limitations period, the new right must be retroactively applied
by the Supreme Court.  Id.

Generally, a new rule imposed by the Supreme Court
does not apply retroactively to criminal convictions finalized
before the rule is announced absent express instruction by the
Court.  See Teague v. Lane, 489 U.S. 288, 311 (1989).  Courts,
however, may apply a new rule retroactively in the absence of
express instruction where the rule is "substantive" or a
"watershed" rule of criminal procedure, that is, a rule that
implicates "the fundamental fairness and accuracy of the
criminal proceeding."  Whorton v. Bockting, 549 U.S. 406, 416
(2007).

The Government agrees that pursuant to Rehaif it is
now required to prove under 18 U.S.C. § 922(g)(1) that a
defendant knew of his status as a person convicted of a crime
punishable by a term of imprisonment exceeding one year.  The
Government also appears to concede retroactive application of
this requirement.

Nonetheless, the Government argues that unlike Rehaif,
neither Saunders nor his counsel raised during his guilty plea
hearing or at his sentencing the issue of his knowledge of his
status as a person convicted of a crime punishable by a term of
imprisonment exceeding one year.  Saunders took no appeal.  The
Government contends that Saunders is therefore barred under the

-9-

procedural default rule from raising the issue on collateral review.

Subject to certain exceptions, a criminal defendant may not raise a claim on collateral review unless it was first raised in the trial court or on direct appeal.  Bousley v. United States, 523 U.S. 614, 622 (1998).  This is not a statutory or a constitutional requirement, but a procedural doctrine adhered to by the courts to save judicial resources. Massaro v. United States, 538 U.S. 500, 504 (2003).  A defendant must show cause for not raising the claim at issue as well as demonstrate prejudice attributable to the failure in order to overcome this procedural bar.  Bousley, 523 U.S. at 622.  Cause for a procedural default exists where a claim is "so novel that its legal basis is not reasonably available to counsel" at the time of trial or on appeal.  Bousley, 523 U.S. at 622.

The claim that Saunders lacked knowledge of his status that prohibited him from possessing a firearm, in this court's view, was not novel so as not to be reasonably available to his counsel at the time of his conviction.  The issue had been litigated in a number of circuit courts for decades.  United States v. Reap, 391 F. App'x 99, 103-04 (2d Cir. 2010); United States v. Kafka, 222 F.3d 1129, 1131-33 (9th Cir. 2000); United States v. Hutzell, 217 F.3d 966, 967-68 (8th Cir. 2000); United States v. Langley, 62 F.3d 602, 606 (4th Cir. 1995); United

States v. Ballentine, 4 F.3d 504, 506 (7th Cir. 1993); United

States v. Dancy, 861 F.2d 77, 80 (5th Cir. 1988).

We acknowledge the decision of the Court of Appeals in

this circuit in United States v. Dodd, 225 F.3d 340, 344 (3d

Cir. 2000) which stated that the Government need only prove for

a § 922(g)(1) offense that:

> [the defendant] had previously been convicted
> of a crime punishable by imprisonment for a
> term exceeding one year; (2) that [the
> defendant] knowingly possessed a firearm; and
> (3) that the firearm had passed in interstate
> commerce. . . . [T]he government need not
> demonstrate that the defendant possessed the
> firearm . . . with knowledge that such
> possession was unlawful.

The Court, however, did not have before it the issue Saunders

presents here.

Even if the issue Saunders raises was sufficiently

novel in this circuit at the time, he must also establish

prejudice to avoid procedural default.  This he cannot do.  At

the time Saunders committed the crime at issue in this action,

he had twice been convicted in the state court of drug

distribution in violation of 35 P.S. § 780-113(a)(30) and had

served over two years in prison on the second conviction.  There

can be no doubt that Saunders knew of his conviction of a crime

punishable by a term of imprisonment exceeding one year as he

had served a term of imprisonment in excess of that amount of

time.  Any failure of Saunders' attorney to argue the contrary

would not undermine confidence in his conviction.  Saunders has

not therefore demonstrated prejudice to overcome procedural

default.

Moreover, Saunders cannot establish that his counsel

provided ineffective assistant in failing to argue that the

Government had not proven that Saunders did not know at the time

of the offense that he was a person convicted of a crime

punishable by a term of imprisonment exceeding one year.  To

prove ineffective assistance, a defendant must show: (1) that

his trial lawyer's performance fell below an "objective standard

of reasonableness"; and (2) "a reasonable probability that, but

for counsel's unprofessional errors, the result of the

proceeding would have been different."  Strickland v.

Washington, 466 U.S. 668 (1984).  A reasonable probability is a

probability sufficient to undermine confidence in the outcome.

Id. at 694.  As noted above, Saunders at the time of the offense

here had served over two years in prison for drug distribution.

Even assuming that his counsel's omission fell below the

objective standard of reasonableness, there is no reasonable

probability that but for her unprofessional errors the outcome

would have been different.

Finally, a court may also excuse a procedural default

and consider a claim on its merits if the defendant can

establish that he is "actually innocent."  Smith, 477 U.S. at

-12-

537 (1986).  To establish actual innocence the defendant must show in light of new evidence that no reasonable juror would have found him guilty beyond a reasonable doubt.  Sweger v. Chesney, 294 F.3d 506, 522-23 (3d Cir. 2002).  Actual innocence is factual innocence, not mere legal insufficiency.  Id. Saunders cannot prove his actual innocence.  No reasonable juror would ever find that Saunders did not know that he had spent over two years in prison before he possessed a firearm on April 29, 2010.

IV

For these reasons, the court will deny the pro se motion of defendant Nyfesse Saunders to vacate his sentence under 28 U.S.C. § 2255.