```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

UNITED STATES OF AMERICA            :        CRIMINAL ACTION
                                    :
          v.                        :
                                    :
NYFESSE SAUNDERS                    :        NO. 10-442

MEMORANDUM

Bartle, J.                                        January 12, 2021

      The Court has before it the pro se motion of defendant Nyfesse Saunders for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(1)(A).

I

      On April 29, 2010, the Philadelphia District Attorney charged defendant with possession of a firearm as a person convicted of a drug offense in violation of 18 Pa. Con. Stat. § 6105.  Defendant was released on bail, but on May 27, 2010, he was arrested again for attempted murder and conspiracy to commit murder.  On July 13, 2010, a federal grand jury in the Eastern District of Pennsylvania returned an indictment against defendant, charging him with possession of a firearm as a convicted felon in violation of 18 U.S.C. § 922(g)(1).  On October 1, 2010, defendant pleaded guilty to the charge without a plea agreement.  On January 28, 2011, this court sentenced defendant to 55 months imprisonment to be followed by three years of supervised release.  Defendant is currently serving his

sentence at the Lexington Kentucky Federal Medical Center ("FMC Lexington"), with an estimated release date of September 22, 2022.

## II

Defendant's motion for reduction of sentence relies on section 3582(c)(1)(A) as recently amended by the First Step Act. It provides, in relevant part:

> The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1)  in any case—
>     (A)  the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>         (i)  extraordinary and compelling reasons warrant such a reduction
>             . . .
>
>     and that such reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Defendant has exhausted his administrative remedies, and we turn first to the elements that a defendant must meet under section 3582(c)(1)(A)(i) to obtain a reduction in sentence. It provides that a court may order compassionate release for "extraordinary and compelling reasons" but only if the reduction in sentence is "consistent with applicable policy statements of the Sentencing Commission."

Congress has also enacted 28 U.S.C. § 994(t) which provides:

> The Commission, in promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of title 18, shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples. Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason.

The application note 1(A) of section 1B1.13 of the Sentencing Guidelines explains that "extraordinary and compelling reasons" exist where the defendant is: (1) "suffering from a terminal illness" including among others "advanced dementia"; (2) "suffering from a serious physical or medical condition"; (3) "suffering from a serious functional or cognitive impairment"; or (4) "experiencing deteriorating physical or mental health because of the aging process." The latter three grounds also require that the impairment "substantially diminishes the

ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover."

### III

Defendant asserts that compassionate release should be granted because he suffers from high blood pressure and has a hernia that causes him pain on a regular basis.  In support of his motion, defendant also avers that he:  is regretful for his past actions and has a "different outlook on life now"; has taken advantage of various rehabilitative measures available to him in prison; needs to provide care for his ill mother; and will not be a danger to the community.  With respect to the pandemic, defendant provides information about the potential dangers to those in prison facilities who cannot engage in the social distancing or take other salutary measures necessary to mitigate the spread of coronavirus and the current rates of infection and testing in federal prisons.

The Government opposes defendant's motion.  It disputes defendant's characterization that his medical conditions are as serious as he claims.  According to the Government, defendant's medical conditions "are well controlled at this time with medication provided by the institution" and do not appear to place him at enhanced risk during the current

4

pandemic.  It maintains that defendant does not present any specific serious conditions and "is fully ambulatory and engages in all normal activities of daily living."  It further asserts that defendant is not eligible for compassionate release because he has not "pointed to any conditions that he currently has that is on CDC's list of certain high-risk conditions."  It also maintains that, if released, defendant presents a danger to the community.

According to Bureau of Prisons health records, defendant is 35 years old and suffers from hypertension.  He has been prescribed Losartan 75 mg, which he takes daily.  Defendant also has a family history of hypertension and had previously suffered from an inguinal hernia.  On December 22, 2020, he was hospitalized for a hernia repair surgery.  As of December 28, 2020, the hernia post-operative site "looked appropriate" and defendant has been using a cane for support while recovering.  Defendant has also been prescribed various medications for post-operative treatment and pain management.  He has been taking and has access to his prescribed medications as needed.

The Court is, of course, mindful of the devastating worldwide pandemic and the special dangers the highly contagious coronavirus poses for the defendant and all others in prison.  However, "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone

cannot independently justify compassionate release." <u>United States v. Raia</u>, 954 F.3d 594, 597 (3d Cir. 2020).  The Bureau of Prisons, including FMC Lexington, has in place protocols to deal with this disease and the Attorney General has issued two directives to the Bureau of Prisons concerning early release of inmates, which it is following.

Based on the current record, defendant has not established that his hypertension and hernia surgery constitute serious medical conditions as defined in the Sentencing Guidelines.  The serious medical condition under the Sentencing Guidelines must be an impairment which "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover."  Defendant clearly does not meet this requirement.

Even if he has the requisite serious medical condition, the Court's analysis does not end here.  Section 3582(c)(1)(A) requires the Court to consider the "factors set forth in section 3553(a) to the extent they are applicable" before the Court may reduce his sentence.  These factors include the need to:  "reflect the nature and circumstances of the offense and the history and characteristics of the defendant"; "reflect the seriousness of the offense"; "protect the public

from further crimes of the defendant"; and "afford adequate deterrence to criminal conduct."

In this regard, defendant claims that he is "not the same person that [this Court] sentenced almost a decade ago." He reports that he has not received any disciplinary infractions since he has been incarcerated, is utilizing the BOP's educational courses, and has completed numerous certificates. He also maintains that he wishes to provide and care for his mother because she is suffering from several medical and financial issues.  While the court applauds defendant for any strides he has made toward rehabilitation, these factors alone do not allow for his release.  Under 28 U.S.C. § 994(t), Congress has made it clear:  "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason" for compassionate release.  In any event, his rehabilitation, good works, and family circumstances do not outweigh other section 3553(a) factors which support the need for him to serve the sentence imposed.

The Court cannot ignore the seriousness of defendant's criminal history.  As noted before, defendant was found guilty of possessing a firearm despite being convicted of two felony drug convictions.  When released on bail, defendant shot a man multiple times in the stomach and legs.  He was ultimately convicted of attempted murder and conspiracy to commit murder in

state court.  Defendant's Presentence Investigation Report further details a history of criminal activity, including prior convictions for drug possession.  His crimes are of a serious nature and underscore the danger defendant poses to the community.  Defendant has not provided any evidence to suggest otherwise.  Releasing defendant now would not appropriately reflect the nature and circumstances of his offenses, reflect the seriousness of the offenses, protect the public from further crimes of the defendant, or afford adequate deterrence to criminal conduct.  See section 3553(a).

　　　　The Court, taking all the relevant facts into account, finds that defendant Nyfesse Saunders has not established extraordinary and compelling reasons that warrant his entitlement to compassionate release.  Accordingly, the Court will deny the motion of defendant for a reduction of sentence under 18 U.S.C. § 3582(c)(1)(A).